## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TRACEY L. MASSEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPATH, LTD.,<br><br>Defendant. | CIVIL COMPLAINT – CLASS ACTION<br><br>CASE NO. 1:19-cv-07056<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT – CLASS ACTION

NOW comes TRACEY L. MASSEY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of SUNPATH, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action on behalf or himself and numerous other individuals against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

2. Plaintiff brings this action, on his own behalf and in his individual capacity, against Defendant pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's individual state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

5. Plaintiff is a natural person over 18 years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant provides extended car warranties to consumers, advertising that it "provides outstanding coverage at a competitive price."[1] Defendant is a limited company organized under the laws of the State of Delaware with its principal place of business located at 50 Braintree Hill Office, Suite 310, Braintree, Massachusetts 02184. Defendant regularly solicits business from consumers throughout the United States, including from consumers in the State of Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

10. Around the summer of 2018, Plaintiff began receiving calls to his cellular phone, (773) XXX-8072, from Defendant.

---

[1] http://gosunpath.com/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8072. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (773) 920-7146, (773) 920-2970, (773) 920-5761, (773) 920-3251, (773) 920-6042, (773) 920-2875 (773) 920-6762, (773) 920-6802, (773) 920-5936, and (773) 920-1516.

13. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt solicitation activities.

14. During answered calls, Plaintiff had to endure a noticeable pause, lasting several seconds in length, and had to say "hello" several times before being connected to a live representative.

15. Plaintiff has never had any business relationship with Defendant nor has he ever given it permission to call his cellular phone, so Plaintiff was confused as to why Defendant was contacting him.

16. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to solicit him to purchase a warranty.

17. Defendant's relentless solicitation campaign caused Plaintiff to demand that Defendant cease contacting him.

18. Despite Plaintiff's efforts, Defendant continued to regularly call his cellular phone.

19. Defendant has contacted Plaintiff at least 100 times after his demands that Defendant stop contacting his cellular phone.

20. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

21. Plaintiff has been unfairly harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

23. Upon information and belief, Defendant's conduct directed towards Plaintiff is indicative of a pattern and practice wherein Defendant continues to call consumers attempting to solicit business from them even after such consumers have requested that such calls stop.

24. All of Defendant's phone calls to Plaintiff's cellular phone number occurred within the four years preceding the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the TCPA.

26. Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Automatic Telephone Dialing System Class":

> All persons residing in the State of Illinois to whom Defendant placed solicitation calls, to such persons' cellular phones, using an automatic telephone dialing system, absent the requisite prior express consent for such calls, within four years preceding the filing of this Complaint through the date of class certification.

27. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

28. Upon information and belief, each respective Class outlined above consists of hundreds or more persons throughout the State of Illinois such that joinder of the respective Class members is impracticable.

29. There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the TCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the respective Class members.

30. Plaintiff and the members of the respective Classes were harmed by the acts of Defendant in, *inter alia,* the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby causing Plaintiff and the respective Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and respective Class members.

31. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the respective Class members.

32. Plaintiff is an adequate representative of the respective Classes and has retained competent legal counsel experienced in class actions and complex litigation.

33. The questions of law and fact common to the Automatic Telephone Dialing System Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Automatic Telephone Dialing System Class include, but are not limited to: (i) whether Defendant's phone system used to place the calls to Plaintiff and putative Class

members were made with a system constituting an automatic telephone dialing system under the TCPA; (ii) whether Plaintiff and putative Class members provided prior express consent to receive phone calls from Defendant to their cellular phones which were made through an automatic telephone dialing system; (iii) whether Plaintiff and other members of the Class revoked any hypothetical prior express consent Defendant may have had to place telephone calls to their cellular phones utilizing an automatic telephone dialing system; (iv) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and Class members' cellular phones utilizing an automatic telephone dialing system; and (v) the type and amount of relief to which the Plaintiff and Class members are entitled.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE AUTOMATIC DIALING SYSTEM CLASS

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendant's contacts made towards the Automatic Telephone Dialing System Class were made with a system defined by the TCPA as an ATDS. Defendant's use of an ATDS in relation to this Class is evinced by the significant pause, lasting several seconds in length, which Plaintiff

experienced on answered calls from Defendant. Plaintiff's having to say "hello" repeatedly prior to a live person getting on the line further demonstrates Defendant's use of an ATDS. Additionally, Defendant's continued contacts with Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts point to the involvement of an ATDS.

38. Defendant violated the TCPA by placing repeated and persistent phone calls to Plaintiff's and the respective Class members' cellular phones using an ATDS without their consent. Any consent that Defendant may have had to contact Plaintiff and the respective Class members through means of an ATDS was specifically revoked by their demands that Defendant cease contacting them.

39. The calls placed by Defendant to Plaintiff and the respective Class members were regarding solicitation activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the respective Class members for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff and the respective Class members are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TRACEY L. MASSEY, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the respective Classes requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel for the respective Classes;

    c. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    d. Awarding Plaintiff costs and reasonable attorney fees;

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS**
**<u>CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT</u>**
**PLAINTIFF INDIVIDUALLY AGAINST DEFENDANT**

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

43. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

44. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

45. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after he requested that it no longer do so. Plaintiff notified Defendant that he was not interested in its services and to stop calling.

46. In defiance of the law, Defendant continued its unfair conduct of harassing Plaintiff. Defendant ignored Plaintiff's numerous requests and unfairly continued to systematically contact

8

him at least 100 times thereafter. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and ultimately purchase a warranty from Defendant.

47. Defendant has also placed multiple calls to Plaintiff's cellular phone on the same day, with such calls often coming in within seconds of one another, even after Defendant was told to stop calling. Placing multiple calls a day on a frequent basis is extremely harassing behavior that amounts to an unfair practice, especially after being told by Plaintiff that he does not wish to be contacted.

48. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

49. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

50. As pled in paragraphs 20 through 22, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant a number of times that he was not interested in its services and to stop calling, yet, he was still bombarded with solicitation phone calls. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, TRACEY L. MASSEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 27, 2019                              Respectfully submitted,

s/ Nathan C. Volheim                                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                              *Counsel for Plaintiff*
Admitted in the Northern District of Illinois        Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                               (630) 581-5858 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                             thatz@sulaimanlaw.com

s/ Eric D. Coleman                                   s/Alejandro E. Figueroa
Eric D. Coleman, Esq. # 6326734                      Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*                              *Counsel for Plaintiff*
Admitted in the Northern District of Illinois        Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(331) 307-7648 (phone)                               (630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
ecoleman@sulaimanlaw.com                             alejandrof@sulaimanlaw.com