**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TRACEY L. MASSEY, individually and on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-07056** |
| | ) | |
| **SUNPATH, LTD.,** | ) | **The Honorable Ronald A. Guzman** |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM IN SUPPORT OF DEFENDANT SUNPATH, LTD.'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**</u>

COMES NOW Defendant SunPath, Ltd. ("SunPath" or "Defendant"), by counsel, and hereby submits this Memorandum in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

**I.     INTRODUCTION**

SunPath is a corporation formed in Delaware and headquartered in Braintree, Massachusetts, with no offices in Illinois. It is a third party administrator of extended service contracts for automobiles. In other words, it is engaged in the business of servicing *incoming* claims by policy holders and providing customer service for such policy holders. SunPath does not engage in outbound telemarketing whatsoever. Accordingly, Plaintiff Tracey L. Massey's ("Plaintiff") unsubstantiated, mistaken allegations that SunPath is directly liable for unlawful telemarketing calls to his cell phone (and to two putative classes' cell phones for that matter) are a wholly deficient basis by which this Court may exert personal jurisdiction over SunPath. Plaintiff's search for the real caller must go on without holding SunPath hostage to this case.

As set forth below and as substantiated by a declaration in support of this Motion, the First Amended Complaint must be dismissed in its entirety pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II.     ARGUMENT

### A.     Legal Standard

A case must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction when the plaintiff fails to plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. *See Hitz Entm't Corp. v. Mosley*, No. 16 C 1199, 2017 U.S. Dist. LEXIS 14259, at *2 n.1 (N.D. Ill. Feb. 1, 2017) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003)).    A court may receive affidavits to determine whether personal jurisdiction exists. *Purdue Research Found.*, 338 F.3d at 782.    "Once a defendant submits affidavits or other evidence to counter a plaintiff's assertion that jurisdiction exists, the burden shifts back to the plaintiff to submit affirmative evidence supporting jurisdiction." *Bab Sys. v. Pilatus Inv. Grp., Inc.*, 05 C 3038, 2007 U.S. Dist. LEXIS 7232, at *3-4 (N.D. Ill. Jan. 31, 2007) (citing *Purdue Research Foundation*, 338 F.3d at 782). "The Seventh Circuit instructs that '[i]n evaluating whether the *prima facie* standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *ABN AMRO, Inc. v. Capital Int'l, Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008) (quoting *Purdue Research Found.*, 338 F.3d at 782).

### B.     This Court Should Dismiss the Complaint for Lack of Personal Jurisdiction Over SunPath.

This Court may exercise personal jurisdiction over a nonresident defendant like SunPath only "if it would be allowed under either the Illinois Constitution or the United States Constitution." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex,*

- 2 -

*P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (citing 735 ILL. COMP. STAT. 5/2-209(c)). "[T]he Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause, 735 ILL. COMP. STAT. 5/2-209(c), so here the state statutory and federal constitutional inquiries merge." *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010); *see also Spiegel v. Reynolds,* 2016 U.S. Dist. LEXIS 161642, at *6-7 (N.D. Ill. Nov. 22, 2016) (quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) ("Because Illinois permits personal jurisdiction if it would be authorized by ... the United States Constitution, the state statutory and federal constitutional requirements merge.")). This standard applies in TCPA cases. *See Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840, 862 (N.D. Ill. 2018) ("Because the TCPA does not authorize nationwide service of process, the court . . . look[s] to Illinois law for the limitation on the exercise of personal jurisdiction.") (alternation in original) (quoting *Bakov v. Consol. Travel Holdings Grp., Inc.*, Case No. 15 C 2980, 2016 U.S. Dist. LEXIS 102291, at *3 (N.D. Ill. Aug. 4, 2016)).

To satisfy due process in this case, there must be sufficient "minimum contacts" with Illinois such that maintaining the suit here "'does not offend traditional notions of fair play and substantial justice.'" *Tamburo,* 601 F.3d at 700-01 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Sufficient contacts with the forum only exist if the defendant's conduct shows that it purposely availed itself of the benefits of the forum such that it would reasonably anticipate being haled into court there. *See Stenger v. Leadenhall Bank & Tr. Co.*, No. 02 C 8655, 2004 U.S. Dist. LEXIS 4692, at *16 (N.D. Ill. Mar. 19, 2004) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

"Jurisdiction over a defendant can be established either through general or specific jurisdiction." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (citing *Tamburo*, 601 F.3d

at 701). "General jurisdiction over a defendant . . . requires that the defendant be 'essentially at home' in the forum." *Erno Kalman Abelesz v. OTP Bank*, 692 F.3d 638, 651 (7th Cir. 2012) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Specific jurisdiction 'refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Brook,* 873 F.3d at 552 (quoting *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009)).

As set forth below, there is neither general nor specific personal jurisdiction over SunPath in this case.

> **1)      This Court Lacks General Personal Jurisdiction Over SunPath Because SunPath, a Delaware Corporation Headquartered in Massachusetts, Is Not "at Home" in Illinois.**

Because SunPath is not "at home" in Illinois this Court may not exercise general jurisdiction over the company. Specifically, "[f]or 'general,' 'all-purpose' jurisdiction, the defendant's 'continuous and systematic' contacts must put him 'at home' in the forum state." *Peters v. Sloan*, 762 F. App'x 344, 346 (7th Cir. 2019) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014)). The Supreme Court and the Seventh Circuit both hold that a corporation is "at home" where it is incorporated or where its principal place of business is located. *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015) (citing *Daimler*, 571 U.S. at 137). Crucially, a corporation's business activities generally in a state, without more, are insufficient to establish general personal jurisdiction. *Daimler*, 571 U.S. at 123. Likewise, an entity operating nationwide "can scarcely be deemed at home in all" fifty states. *Id.* at 139 n.20.

Based on the foregoing precedent, SunPath cannot be considered "at home" in Illinois. Attached as **Exhibit 1** is a true, accurate copy of the declaration of SunPath's President, Andrew Garcia ("Garcia Declaration"), in support of this Motion. As Mr. Garcia testifies, SunPath was incorporated in Delaware and its only principal place of business is in Massachusetts – not

Illinois. Garcia Decl. ¶ 2; *see AOTP Bank*, 692 F.3d at 660 ("'[F]or a corporation, [the paradigm forum is] . . . one in which the corporation is fairly regarded as at home.'" (quoting *Goodyear*, 564 U.S. at 924)). SunPath does not own or lease any property in the state of Illinois. Garcia Decl. ¶ 3. Moreover, there are no office locations in Illinois where SunPath has ever conducted operations of any kind, let alone substantial operations. Garcia Decl. ¶ 4.

Therefore, it is clear that there is no general jurisdiction over SunPath and, without specific jurisdiction either, this case must be dismissed.

> **2)    This Court Lacks Specific Jurisdiction Over SunPath Because SunPath Did Not Make the Subject Calls that Form the Basis of Plaintiff's Lawsuit.**

Absent a showing of general jurisdiction, the only avenue for exercising personal jurisdiction over SunPath is to show that specific jurisdiction may be exerted over the company. "For 'specific' personal jurisdiction, the defendant's connections to forum state must give rise to the events that form the basis of the suit." *Peters v. Sloan*, 762 F. App'x 344, 346 (7th Cir. 2019) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014)). "Specific jurisdiction requires that the defendant's contacts with the forum state are what 'give rise to the liabilities sued on' and are 'continuous and systematic.'" *Michael W. Kincaid, DDS, Inc. v. Synchrony Fin.*, Case No. 16-cv-796, 2016 U.S. Dist. LEXIS 106455, at *5 (N.D. Ill. Aug. 11, 2016) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "The contacts relevant to specific jurisdiction are those contacts with the forum state that are both related to the lawsuit and created by the defendant." *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 283 (2014)).

Plaintiff Tracey Massey ("Plaintiff") alleges that SunPath initiated numerous telephone calls ("Subject Calls") to his cell phone without his prior express written consent by an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), *see* FAC ¶¶ 10-19, 37-44, and that the Subject Calls constituted an

unfair or deceptive act in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 ("ICFA"). *See id.* ¶¶ 45-54. Plaintiff's allegations that SunPath initiated the Subject Calls are misplaced, however, as demonstrated by Mr. Garcia's Declaration. *See generally* Ex. 1, Garcia Decl.

First, and most problematic to Plaintiff's case for specific jurisdiction, SunPath did not initiate the Subject Calls, *see* Garcia Decl. ¶ 5, which constitutes Plaintiff's entire basis for tying SunPath to jurisdiction in Illinois. Indeed, as explained above, SunPath is a third party administrator of extended service contracts for automobiles. *See id.* ¶ 7. It is engaged primarily in the business of handling *incoming* claims by policy holders and customer service for such policy holders. *See id.* SunPath does not engage in outbound telemarketing itself. *See id.* ¶ 5. Moreover, although Plaintiff only alleges a theory of direct liability against SunPath, *see generally* FAC,[1] for the sake of clarity, SunPath likewise never caused anyone else to call Plaintiff. *See id.* ¶ 6.

---

[1] Although Plaintiff only alleges that SunPath is directly liable for the calls in his First Amended Complaint, amendment to allege that SunPath is vicariously liable for the actions of some unnamed party would be futile and nevertheless still fail to establish specific personal jurisdiction. Although an agency relationship showing vicarious liability may be relevant to show that specific jurisdiction exists, *see Cunningham v. Health Plan Intermediaries Holdings, LLC*, Case No. 17-cv-1216, 2018 U.S. Dist. LEXIS 22921, at *12 (N.D. Ill. Feb. 13, 2018) (dismissing as deficient the plaintiffs' claims of an existing agency relationship among defendants to assert specific jurisdiction over defendants when based solely on conclusory allegations and contradicted by defendants' declarations), an alleged principal is only vicariously liable under the TCPA for acts of an alleged agent if the Plaintiff can show the alleged agent acted with actual or apparent authority, or its unlawful behavior was ratified by the alleged principal. *See Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 742 (N.D. Ill. 2014) ("[A] seller may face vicarious liability 'under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.'" (quoting *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013))). Plaintiff would be unable to substantiate any assertion that an agency relationship existed between SunPath and some unnamed called party because, as Mr. Garcia testifies, SunPath did not authorize, direct, oversee, or manage any party in initiating the Subject Calls to the Plaintiff. *See* Garcia Decl. ¶ 6. In fact, the policies administered by SunPath were not even SunPath's products to be marketed and sold.

Quite simply, Plaintiff's misplaced allegations against SunPath fail to show that SunPath has an "'affiliation between the forum and the underlying controversy'" via an "'activity or an occurrence that takes place in the forum state'" that would make specific jurisdiction appropriate. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1776 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("'[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958))). If anything, SunPath's administration of policies marketed and sold by others on behalf of another party, amount to mere "'random,'" "'fortuitous,'" and "'attenuated'" contacts, which are insufficient to establish that SunPath purposefully availed itself of the benefits and protections of Illinois or otherwise hale SunPath into court there. *Id.* at 475 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). The Subject Calls are the "'unilateral activity of another party or third person'" and cannot serve to establish specific personal jurisdiction over SunPath. *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

Therefore, because Plaintiff cannot show that SunPath is in any way subject to general or specific personal jurisdiction, the First Amended Complaint must be dismissed in its entirety with prejudice.

---

*Id.* ¶ 8. Therefore, any request to further amend the pleadings should be denied as futile because no theory of vicarious liability against SunPath could prevail. *See Dordieski v. Austrian Airlines, AG*, CAUSE NO.: 2:15-CV-180-PPS-PRC, 2015 U.S. Dist. LEXIS 145343, at *3, (N.D. Ind. Oct. 27, 2015) ("[I]nability to survive a 12(b)(2) motion places a proposed amended complaint inside the definition of 'futile.'").

C.      **Asserting Personal Jurisdiction Over SunPath Would Offend Notions of Fair Play and Substantial Justice.**

This Court must also weigh the facts of the case to determine whether the exercise of personal jurisdiction would comport with "fair play and substantial justice." *See Valtech, LLC v. 18th Ave. Toys Ltd.*, 14 C 134, 2015 U.S. Dist. LEXIS 17138, at *13 (N.D. Ill. Feb. 12, 2015) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Factors to consider include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland v. Clifton*, 682 F.3d 665, 677 (7th Cir. 2012) (quoting *Burger King*, 471 U.S. at 477).  Illustrative of whether the exercise of jurisdiction comports with fair play and substantial justice is whether a defendant would reasonably anticipate being haled into court in the forum.  *Tower Communs. Expert, LLC v. TSC Constr., LLC*, No. 18 C 2903, 2018 U.S. Dist. LEXIS 185746, at *27 (N.D. Ill. Oct. 30, 2018).

As established above, it would be a tremendous burden on SunPath, the defendant, to maintain a defense in Illinois when SunPath was not incorporated in Illinois, does not have its principal places of business in Illinois, and most importantly, did not have any involvement in making the Subject Calls.  *See* Garcia Decl. ¶¶ 2, 5-6.

Indeed, as a company operating in Massachusetts, with no offices in Illinois, *see* Garcia Decl. ¶¶ 2, 4, the burden of traveling to Illinois to defend itself in this litigation is unreasonably high.  This is doubly true when weighing the other factors used to decide whether subjecting SunPath to this jurisdiction supports notions of fair play.  Although it is clear Plaintiff seeks relief, it is in no way convenient to seek such relief by blindly alleging unlawful activity by SunPath.  In the same vein, this supports how little interest this forum has in submitting SunPath

to its jurisdiction, especially when considering SunPath's lack of contacts with Illinois. *See Pierson v. Nat'l Inst. for Labor Relations Research*, No. 15 C 11049, 2016 U.S. Dist. LEXIS 144002, at *30 (N.D. Ill. Oct. 17, 2016) (Illinois had little interest in exercising jurisdiction because there was nothing "in the parties' submissions that demonstrates that these Defendants regularly conduct business in Illinois"). Accordingly, to force SunPath to travel to this forum to defend itself in this litigation based solely on Plaintiff's unsubstantiated allegations offends notions of fair play and substantial justice. Therefore, the Court should dismiss the First Amended Complaint in its entirety.

## III. CONCLUSION

SunPath, through the sworn testimony of its President, Andrew Garcia, has contradicted Plaintiff's unsubstantiated allegations that SunPath initiated the Subject Calls to Plaintiff's cell phone. Due process concerns require that Plaintiff's search for the real caller continue without imposing the costs of litigation in Illinois on SunPath. For the reasons set forth above, SunPath respectfully requests that this Court grant its Motion to Dismiss for lack of personal jurisdiction.

Dated: December 2, 2019

Respectfully submitted,

SUNPATH, LTD.

By Counsel

/s/ Genevieve C. Bradley

David S. Wayne
Saul Ewing Arnstein & Lehr LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Phone: 312-876-7100
david.wayne@saul.com

Mitchell N. Roth, *pro hac vice*
Genevieve C. Bradley, *pro hac vice*
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
Phone:       703-485-3531
Fax: 703-485-3525
mroth@rothjackson.com
gbradley@rothjackson.com

*Counsel for Defendant SunPath, Ltd.*

- 9 -

## **CERTIFICATE OF SERVICE**

I certify that on this 2nd day of December 2019, I caused a copy of the foregoing document to be served via ECF on all parties entitled to be receive notice.

*/s/ Genevieve C. Bradley*
Genevieve C. Bradley