UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY L. MASSEY, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SUNPATH, LTD., <br><br> Defendant. | CASE NO. 1:19-cv-07056 |

JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, TRACEY L. MASSEY, on behalf of himself and all others similarly situated ("Plaintiff"), and SUNPATH, LTD. ("Defendant") (collectively the "Parties"), hereby submit this Joint Initial Status Report.

**1.      Nature of the Case**

      **A.      Parties:**

| For Plaintiff | For Defendant |
|---|---|
| **Nathan Charles Volheim** (Lead Attorney) <br> **Taxiarchis Hatzidimitriadis** <br> **Eric D. Coleman** <br> **Alejandro Emmanuel Figueroa** <br> Sulaiman Law Group, Ltd. <br> 2500 South Highland Avenue, Suite 200 <br> Lombard, Illinois 60148 <br> 630-575-8181 <br> Fax: 630-575-8188 <br> Email: nvolheim@sulaimanlaw.com <br> Email: thatz@sulaimanlaw.com <br> Email: ecoleman@sulaimanlaw.com <br> Email: alejandrof@sulaimanlaw.com | **Genevieve C. Bradley** (Lead Attorney) <br> *admitted pro hac vice* <br> **Mitchell N. Roth** <br> *admitted pro hac vice* <br> ROTH JACKSON <br> 8200 Greensboro Drive, Suite 820 <br> McLean, Virginia 22102 <br> 703-485-3531 <br> Fax: 703-485-3525 <br> Email: gbradley@rothjackson.com <br> Email: mroth@rothjackson.com <br><br> and |

{00984757;v3}

**David Wayne**
**Michael Jacobson**
Saul Ewing Arnstein & Lehr LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
312-876-7100
david.wayne@saul.com
michael.jacobsen@saul.com

**B.** **Jurisdiction:** Federal question jurisdiction under 28 U.S.C. §1331 is based on the Telephone Consumer Protection Act ("TCPA"), § 47 U.S.C. 227 *et seq*.

**C.** **Claims asserted:** Plaintiff brings his *Amended* Complaint against Defendant for alleged violations of the TCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA). Chiefly, Plaintiff alleges that Defendant violated the TCPA and ICFA by placing a series of solicitation calls to his cellular phone without his permission and with the assistance of an Automated Telephone Dialing System ("ATDS") as defined by the TCPA.

**D.** **Service:** All Parties have been served and are represented by counsel.

**E.** **Legal Issue:** Whether there exists personal jurisdiction over Defendant;[1] Whether the phone system allegedly used by Defendant qualifies as an ATDS under the TCPA; whether Defendant should be held directly and/or vicariously liable; whether the putative class is certifiable, including consideration of whether the alleged class is a fail-safe class

**F.** **Factual Issues:** The identify of who called Plaintiff; was there consent to contact Plaintiff on his cellular phone? If so, was that consent effectively revoked? What equipment was used to call Plaintiff?

**G.** **Jury Demand:** Plaintiff has demanded a jury trial.

**H.** **Proposed Discovery:**

---

[1] By participating in the submission of this Joint Report, SunPath does not intend to waive its 12(b)(2) defense/motion, which is currently pending before the Court.

{00984757;v3}

**Defendant's Positon:** SunPath denies making the alleged call(s) and does not know the identity of the caller, if any. As set forth in SunPath's Motion to Dismiss for Lack of Personal Jurisdiction, SunPath is a third party administrator of extended service contracts for automobiles. In other words, it is engaged in the business of servicing *incoming* claims by policy holders and providing customer service for such policy holders. SunPath does not engage in outbound telemarketing whatsoever.

In light of this, before time, resources, and money are unnecessarily expended on class-wide discovery and the corresponding disputes that may arise, discovery should be conducted in two stages, starting with the merits of Plaintiff's individual case (i.e., the identity of the caller, the equipment used, whether there was consent to be called, whether such consent was revoked, and whether SunPath can be held vicariously liable for such calls) ("Merits of Plaintiff's Individual Case"). If Plaintiff can establish the merits of his individual case, class-wide discovery can proceed in the second stage. Defendant submits that discovery on the Merits of Plaintiff's Individual Case can move swiftly to allow for resolution of the case at a relatively early stage.

Accordingly, Defendant proposes:

Stage 1 (Discovery on Merits of Plaintiff's Individual Case)

    i.    The Parties to exchange Rule 26(a)(1) disclosures by January 24, 2020.

    ii.    The Parties to issue initial written discovery by February 28, 2020 as to Merits of Plaintiff's Individual Case.

    iii.    All fact discovery to be completed by May 29, 2020 as to the Merits of Plaintiff's Individual Case.

{00984757;v3}

      iv.    All expert discovery necessary as to the Merits of Plaintiff's Individual Case to be completed by September 18, 2020..

    <u>Stage 2 (Class-based Discovery)</u>

      i.    Following the completion of Stage 1 discovery or the resolution of any dispositive motions arising out of Stage 1 discovery on the Merits of Plaintiff's Individual Case, whichever is later, class-wide discovery is to be completed within 6 months of such date.

      ii.    Any expert discovery required with respect to class-wide discovery to be completed within 4 months of the conclusion of fact-based discovery.

    Plaintiff's Position:  Plaintiff believes that bifurcation of discovery is not necessary.  Plaintiff believes that all discovery can be concluded on or before September 17, 2020.  Plaintiff proposes expert disclosures be made on or before July 14, 2020.

**I.**    **Trial:**  The Parties should be ready to proceed to trial within 3 months of the certification of any class following class discovery (Stage 2 above).

**J.**    **Magistrate Judge:**  The Parties do not consent to proceed before a Magistrate Judge.

**K.**    **Settlement:**  The parties have been exchanging information.  .

**J.**    **Settlement Conference:**  The Parties will consider participating in a settlement conference once written discovery responses are exchanged.

Dated:  January 9, 2020

| For Plaintiff | For Defendant |
|---|---|
| s/ Nathan C. Volheim | /s/ Genevieve C. Bradley |
| Nathan C. Volheim | Genevieve C. Bradley |
| Sulaiman Law Group, Ltd. | ROTH JACKSON |

{00984757;v3}